PER CURIAM.
The Code of Judicial Conduct Revision Committee of the Conference of County Court Judges of Florida requests that this *1133 Court amend Canon 5C(2) of the Code of Judicial Conduct by deleting all language after the word “activity” or, in the alternative, by excepting closely held family businesses from the prohibition following the word “activity.”
Canon 5C presently provides in pertinent part:
C. Financial Activities.
(1) A judge should refrain from financial and business dealings that tend to reflect adversely on his impartiality, interfere with the proper performance of his judicial duties, exploit his judicial position, or involve him in frequent transactions with lawyers or persons likely to come before the court on which he serves.
(2) Subject to the requirements of subsection (1), a judge may hold and manage investments, including real estate, and engage in other remunerative activity, but should not serve as an officer, director, manager, advisor, or employee of any business.
We reject the language of the proposed amendments, but we do amend the Canon to make clear that the Canon was not intended to prevent a judge from doing in a corporate capacity what he or she could do under Canon 5 in his or her individual capacity.
Accordingly, we amend Canon 5C(2) as follows:
(2) Subject to the requirements of subsection (1), a judge in an individual or corporate capacity may hold and manage investments, including real estate, and engage in other remunerative activity, but should not serve as an officer, director, manager, advisor, or employee of any business, except a closely held family business that does not conflict with subsection (1).
It is so ordered.
BOYD, C.J., and ADKINS, ALDERMAN, McDonald, EHRLICH and SHAW, JJ., concur.
OVERTON, J., dissents with an opinion.