PER CURIAM.
The Traffic Court Review Committee of this Court submitted proposed amendments to the Rules of Practice and Procedure For Traffic Courts in order to implement chapter 89-337, Laws of Florida, which calls for the creation of a pilot program of civil traffic infraction hearing officers or magistrates. The Florida Bar Traffic Court Rules Committee agreed with the proposals with the exception of amendments relating to rules 6.040, 6.080, 6.630(d)(1), and 6.630(i), which it modified.
The Florida Bar Board of Governors endorsed the proposals submitted by the Rules Committee and in addition recommended a modification to proposed rule 6.630(f), which concerns the professional qualifications for traffic magistrates. Under the Bar’s proposed rule 6.630(f), magis *1102 trates must be members of The Florida Bar for a minimum of three years. The Review Committee agreed with all the Bar’s additional modifications, with the exception of that relating to rule 6.630(f).
We approve the proposals submitted by the Bar, with the exception of proposed rules 6.630(i) and (f). Chapter 89-337, section 5, Laws of Florida, establishes no minimum period of membership in the Bar:
Section 5. Qualifications. — Applicants for the position of magistrate of the civil traffic court shall be members in good standing of The Florida Bar and shall have completed a 40-hour education and training program which has been approved by the Florida Supreme Court. Thereafter, magistrates shall complete an approved 10-hour continuing education program annually. (Underlining omitted.)
We conclude that the qualifications constitute a matter of substantive law within the exclusive authority of the legislature. The perceived ill to be remedied by the Bar’s proposal, i.e., the use of inexperienced lawyers as magistrates, is addressed by the sound discretion of the chief judge in the appointment of magistrates. Accordingly, we approve the version of rule 6.630(f) proposed by the Review Committee, which sets no required period of Bar membership.
Chapter 89-337, section 7, Laws of Florida, further provides that traffic magistrates shall not be subject to the Code of Judicial Conduct:
Section 7. Code of ethics. — Magistrates shall be subject to The Florida Bar Code of Professional Responsibility and not the Judicial Code of Ethics except that they shall avoid practices or occupations that would be a conflict or give the appearance of impropriety. Whether full time or part time, magistrates shall be prohibited from representing clients or practicing before any other magistrate of a civil traffic court or from representing any client appealing the decision of any other magistrate. (Underlining omitted.)
We conclude, however, that traffic magistrates perform a judicial function and are subject to the Code of Judicial Conduct in the same manner as part-time judges:
COMPLIANCE WITH THE CODE OF JUDICIAL CONDUCT
Anyone, whether or not a lawyer, who is an officer of a judicial system performing judicial functions, including an officer such as a referee in bankruptcy, special master, court commissioner, or magistrate, is a judge for the purpose of this Code. All judges should comply with this Code except as provided below.
A. Part-time Judge. A part-time judge is a judge who serves on a continuing or periodic basis, but is permitted by law to devote time to some other profession or occupation and whose compensation for that reason is less than that of a full-time judge.
A part-time judge:
(1) is not required to comply with Canon 5C(2), D, E, F, and G, and Canon 6A(S);
(2) should not practice law in the court on which he serves or in any court subject to the appellate jurisdiction of the court on which he serves, or act as a lawyer in a proceeding in which he has served as a judge or in any other proceeding related thereto.
Fla.Bar Code of Jud.Conduct, Compliance (emphasis added). For practical reasons, we conclude that traffic magistrates are exempt from the requirements of Canon 6B and C and the first portion of provision (A)(2) of the Compliance section of the Code, noted above. We hold therefore that traffic magistrates may practice in the county courts in which they officiate but are prohibited from representing clients or practicing before any official in any county court traffic matter or from representing any client appealing any county court traffic decision. We have modified the Bar’s proposed rule 6.630(i) to reflect the foregoing.
*1103 Appended is the text of the amended portions of the rules. The amended rules become effective upon filing of this opinion. The committee comments (reasons for change) are included for explanation and guidance only and are not adopted as an official part of the rules.
It is so ordered.
McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.
OVERTON, J., concurs in part and dissents in part with an opinion, in which EHRLICH, C.J., concurs.
*1104 [[Image here]]
*1105 [[Image here]]
*1106 [[Image here]]
*1107 [[Image here]]
*1108 [[Image here]]
*1109 [[Image here]]
*1110 [[Image here]]
*1111 [[Image here]]
*1112 [[Image here]]